UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER BOFFOLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VINGLE, INC., a Delaware corporation, DOES 1-5<br><br>Defendant | Case No. 14-658<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

CHRISTOPHER BOFFOLI, ("Boffoli" or "Plaintiff") hereby alleges for his complaint against VINGLE, Inc. ("Vingle") and DOES 1-5, upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I.   NATURE OF THE CASE

1. This is a claim for copyright infringement arising under the copyright laws of the United States, Title 17 of the United States Code.

## II.   JURISDICTION AND VENUE

2. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Vingle because it conducts

1  substantial business in the State of Washington.

2      4.    The claims alleged in this Complaint arise in the State of Washington and
3  the Western District of Washington and elsewhere.

4      5.    Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1-3).

### III.   PARTIES

6      6.    Plaintiff is an individual and resident of the Western District of
7  Washington.

8      7.    Vingle is a Delaware corporation registered to do business in California at
9  3001 Geary Boulevard, #201, San Francisco, CA  94118.

10     8.    Plaintiff doesn't know the true names of defendants named in this
11 complaint as Does 1 through 5 and therefore sues those defendants by such fictitious
12 names. Plaintiff will amend the complaint to include the true names of the Doe
13 Defendants and allege facts supporting their liability when Plaintiff learns them through
14 discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the
15 fictitiously named defendants is responsible in some manner for the acts and omissions
16 that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused
17 Plaintiff's injuries.

### IV.   FACTS

**A.    Boffoli created copyrightable photographs and registered them with the U.S. Copyright Office.**

21     9.    Boffoli is a fine art, editorial and commercial photographer who created
22 "Big Appetites", a series of photographs featuring tiny figures photographed against real
23 food backdrops.  Big Appetites has been published in more than 100 countries around the
24 world, with coverage in publications such as the New York Times, Washington Post,
25 NPR, and CBS This Morning, among many others.  Fine art photographs from the
26 collection can be found in galleries and private collections in the US, Canada, Europe and
27 Asia.  Boffoli is frequently hired by magazines for editorial commissions and by large
28 brands for commercial work based on the Big Appetites series. Boffoli's images are also

licensed for publication for books, magazines, websites and greeting cards.

10. Boffoli's business is based on licensing and selling photographs he creates. Big Appetites photographs are currently available for purchase at fine art galleries, and can also be purchased over the Internet, including through Boffoli's website. Boffoli has licensed use of Big Appetites photographs to greeting card companies, calendars, and others.

11. Boffoli registered each photograph in the Big Appetites series with the U.S. Copyright Office and has Copyright Registration Nos. VAu001106484 (June 13, 2011) and VAu001148370 (August 3, 2013).

**B.     Vingle's customer posts photographs from Big Appetites without license or permission from Boffoli on webpages housed on Vingle's servers.**

12. Vingle is a global internet service company that holds itself out as a "Mass Communication platform" where "content publishers from all over the world" can distribute content to "laser targeted audience through interest based shared channels".

13. Vingle provides services to at least one Doe Defendant and allows that Doe Defendant to post website content on Vingle's servers at http://www.vingle.net.

14. At least one Doe Defendant has published several photographs from Big Appetites without license or permission from Boffoli (the "Infringing Content"). A copy of the Infringing Content is provided as Exhibit A.

15. The Infringing Content appears on websites hosted by Vingle at vingle.net.

**C.     Vingle failed to prevent the Infringing Website from being assessable over the Internet despite notice from Boffoli.**

16. On information and belief, Vingle can remove the Infringing Content from its servers. Vingle can also disable the Doe Defendant's ability to post content to the Internet.

17. Vingle has not registered an agent with the United States Copyright Office for receipt of Digital Millenium Copyright Act ("DMCA") notices.

18. On June 4, 2013, Boffoli sent a notice to Vingle's support@vingle.net

1  email address notifying Vingle of the Infringing Content. The next day, Vingle responded
2  by email that it received Boffoli's notice and claimed it had "informed the user of the
3  issue". Vingle promised that if the Infringing Content was "not removed in the next
4  several hours, we will make sure to take down the posts as admin."

5      19.    Boffoli's notice and Vingle's response are attached as Exhibit B.

6      20.    Boffoli never authorized his work to be posted on the Infringing Website.

7      21.    As of the date of this filing, Vingle has not removed or disabled access to
8  the Infringing Content.

## V.  CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT

11      22.    Boffoli hereby incorporates Paragraphs 1-21 by reference.

12      23.    Boffoli is, and at all relevant times has been, the owner of the copyright in
13  the photographs in the Big Appetites series.

14      24.    Each photograph in Big Appetites is copyrightable subject matter under 17
15  U.S.C. § 102(a)(5).

16      25.    Boffoli has complied in all respects with the provisions of the Copyright
17  Act and all regulations thereunder.

18      26.    Boffoli registered the copyright in each photograph in Big Appetites with
19  the United States Copyright Office.

20      27.    Boffoli has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the
21  photographs in Big Appetites, (2) prepare derivative works based on Big Appetites, (3)
22  distribute copies of Big Appetites, and (4) display Big Appetites publicly.

23      28.    Without the permission or consent of Boffoli, photographs from Big
24  Appetites were reproduced, derivative works were made from, copies were distributed of,
25  and the photographs were displayed on web pages hosted on Vingle's servers.

26      29.    Boffoli's exclusive rights in the photographs in Big Appetites were
27  violated.

28      30.    Vingle induced, caused, or materially contributed to the Infringing

1  Website's publication.

2      31. Vingle had actual knowledge of the Infringing Content. Boffoli provided
3  notice to Vingle in compliance with the DMCA, and Vingle failed to expeditiously
4  disable access to or remove the Infringing Website.

5      32. Vingle acted willfully.

6      33. Alternatively, Vingle directly infringed Boffoli's copyrights by continuing
7  to allow public access to the Infringing Website on Vingle's servers.

## VI. RELIEF REQUESTED

WHEREFORE, Boffoli asks this Court to enter judgment against Vingle and Vingle's subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of Big Appetites by Vingle under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of Vingle of the photographs in Big Appetites and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Boffoli as the result of Vingle's infringement plus the profits of Vingle attributable to the infringement under 17 U.S.C. § 504(b);

4. Alternatively, if Boffoli so elects, an award of statutory damages for each infringement of Big Appetites under 17 U.S.C. § 504;

5. A judgment that Vingle's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

7. For such other and further relief as may be just and proper under the circumstances.

DATED May 2, 2014

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: _____
Keith Scully, WSBA No. 28677

Attorneys for Plaintiff
CHRISTOPHER BOFFOLI

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Christopher Boffoli demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated May 2, 2014.

Respectfully Submitted,
**NEWMAN DU WORS LLP**

By: _____
Keith Scully, WSBA No. 28677

Attorneys for Plaintiff
CHRISTOPHER BOFFOLI

COMPLAINT FOR COPYRIGHT INFRINGEMENT- 6

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800